## James Phillips *vs.* Richard Soule.

It is too late, after the adjournment of the court without day, to apply to a judge of this court for the allowance of exceptions; and a written agreement between the parties by which, before the trial, they mutually agreed to waive certain claims and objections, and that the rulings of the court should be subject to exception as in other actions at law, does not extend the time within which such application should be made.

The décision of a judge of this court, declining to reserve a case on questions of law, or denying a motion for a new trial, is not subject to revision by the whole court.

CONTRACT, seeking relief in equity, and also damages as in an action at law. Before the trial, the parties entered into the following agreement:

" This case is to be tried by the jury as an action at law, the contract declared on being the basis of the action. All objections in respect to the parties to the record, the declaration and the answer, are hereby waived, and the court may at any stage of the case order any such amendments to be made in any of these respects as the state of the case shall seem to require. After the cause is tried, the court may enter a final judgment in the cause, instead of a decree as in equity. Either party may except to the rulings of the court in other respects than those above mentioned."

---

* See also *Hartshorn* v. *South Reading*, 3 Allen, 501; *Willard* v. *Cambridge*, Ib. 574. *Fall River Iron Works Co.* v. *Old Colony & Fall River Railroad*, 5 Allen, 224.

At the trial in this court, before *Chapman*, J., under the above agreement, several questions of law were raised and ruled upon, and a verdict was returned for the plaintiff. Two days afterwards, the defendant filed a motion for a new trial, on the ground that the verdict was against the evidence, and the rulings erroneous. On the last day of the term the plaintiff moved for judgment, and the clerk handed the above motion to the judge, who thereupon ordered the case to be continued *nisi*. After the final adjournment of the court, the clerk received from the defendant's counsel a partial report of the case, and filed the same. The motion for a new trial was afterwards heard in chambers. The defendant then, for the first time, requested the judge to allow exceptions, or to report the questions ruled upon as reserved for the decision of the whole court. The judge was of opinion that the verdict ought not to be set aside as against the evidence, and that his rulings were correct; and that he had no right now to state that questions were reserved, or to set aside the verdict, and that the defendant had no right to have his exceptions filed and allowed; and he reserved these questions for the determination of the whole court.

*W. Brigham*, for the defendant.

*T. H. Sweetser & S. H. Folsom*, for the plaintiff.

BIGELOW, C. J. The defendant had no right to ask for an allowance of his exceptions. He did not allege them or present them to the court until after the adjournment of the term without day. Gen. Sts. *c.* 115, § 7. The agreement between the parties was not intended to enlarge the time within which exceptions might be filed and allowed. The true interpretation of the stipulation is, that the right to take exception was not abridged or restricted except in the particulars as to which the parties specifically agreed to waive all objections.

The power to reserve a case on questions of law under Gen. Sts. *c.* 112, § 10, is vested exclusively in the judge before whom the trial, or other proceeding in which questions may arise, takes place. It is a power resting in the exercise of a sound discretion, which the whole court will in no degree revise or control. Nor ought it to be used unless the questions are of so grave or

doubtful a nature as, in the opinion of the presiding judge, to require further consideration, or the case is of a nature to render such a mode of determining the questions of law involved in it expedient or necessary for the final disposition of the cause. In all other cases the right to allege and file exceptions to any ruling, order or direction of the court affords ample opportunity to all parties to obtain the adjudication of the court of last resort on every question which may be material to the determination of their rights.

In the case at bar it is clear that the defendant has no claim to a hearing as on a case reserved. No reservation was made of any question during the progress of the trial, and in the opinion of the presiding justice his rulings were not of so doubtful or important a nature as to require a reconsideration by the whole court. On the motion for a new trial his decision is final. *Lowell Gas Light Co.* v. *Bean*, 1 Allen, 274.

*Judgment on the verdict.*